DUFRESNE, Judge.
Ronald J. Cain, pursuant to a plea bargain, pled guilty to Count 1, Armed Robbery and Count 4, Attempted Armed Robbery. He *10 was sentenced to 20 years at hard labor on each Count with the sentence on Count 4 to run concurrent with the sentence on Count 1 and concurrent with sentences he was serving in Jefferson Parish and in Orleans Parish.
In 1992, defendant filed a pro se application for post conviction relief. State v. Cain, 92-KH-31. Finding merit in defendant’s claim that he received an illegally lenient sentence (the trial judge did not state that the sentence was “without benefit of parole, probation or suspension of sentence” as required by LSA-R.S. 14:64 and 14:27, 64), this court granted the writ and ordered a remand for resentencing.
Thereafter, the trial court resentenced defendant to twenty years at hard labor on both counts, without benefit of probation, parole or suspension of sentence and with credit for time served. The sentences were to run concurrent with each other and with the sentences defendant was serving in Case # 89-3528 in Jefferson Parish and with any other sentence or sentences defendant was currently serving.
In 1993, the defendant filed a writ application in the court complaining that his sentence was excessive. The trial court on a show cause order granted him an out of time appeal.
Cain’s trial counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) rehearing denied at 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).
We have reviewed the entire record for any errors patent, especially in connection with the resentencing.
The trial judge who resentenced defendant was the judge who imposed the original illegally lenient sentence. At the time of resentencing, the trial judge noted that he “apparently for got [sic] to say the words without parole, probation or suspension of sentence.” The judge did not state his intent in the imposition of the original sentence, but his statements imply that the failure to impose parole and probation ineligibility was an oversight on his part. The record, including the guilty plea form and the transcript of the original sentencing, during which the judge advised defendant that “there’s no parole, probation or suspension of sentence,” support this view. Accordingly, this issue has no merit.
We also note that the trial court failed to inform the defendants at the time of resentencing, of the prescriptive period set forth in LSA-C.Cr.P. art. 930.8(C). The trial judge is ordered to inform Cain of the provision of this article by sending appropriate written notice to him within 10 days of this opinion and to file written proof in this record that appellant received this notice.

AFFIRMED, REMANDED WITH INSTRUCTIONS.